NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WARREN FRANK, JR., <br><br>     Plaintiff-Appellant, <br><br>  v. <br><br> E. SHINNETTE; K. MOHR, <br><br>     Defendants-Appellees. | No. 16-16728 <br><br> D.C. No. 2:15-cv-02133-KJM-CKD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 11, 2017**

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

California state prisoner Warren Frank, Jr. appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir.

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2014) (en banc) (legal rulings of exhaustion); *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) (dismissal under Fed. R. Civ. P. 12(b)(6)). We reverse and remand.

The district court dismissed Frank's action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), finding that Frank filed the complaint before he resubmitted his third level appeal. However, the district court did not expressly consider Frank's allegation that he submitted the required medical report with his third level appeal and that the third level appeal was improperly rejected. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1860 (2016) (explaining that proper administrative exhaustion under the PLRA is mandatory, but may not be required when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint"). We reverse the judgment and remand for further proceedings.

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents and facts not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**REVERSED and REMANDED.**